UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Hon. Basil H. Lorch, III |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES A. KNAUER, CHAPER 11 TRUSTEE OF EASTERN LIVESTOCK CO., LLC, | ) ) | Adv. Pro. No. 12-59154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERNEST ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ERNEST ELDER'S ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S AMENDED COMPLAINT**

COMES NOW Defendant ERNEST ELDER ("Elder" or "Defendant"), by and through undersigned counsel, and for their Answer and Affirmative Defenses to the *Amended Complaint* (Doc. 7) filed in the above-captioned action by James A. Knauer, Chapter 11 Trustee of Eastern Livestock Co., LLC ( "Trustee") state as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Amended Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Amended Complaint.

1

4.	In response to the allegations contained in paragraph 4 of the Amended Complaint, Defendant admits that this Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(E), (F), and (H), otherwise Defendant denied.

5.	Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6.	Defendant does not consent to entry of final orders of judgment by the Bankruptcy Judge pursuant to S.D.Ind. B-7008-1.

7.	In response to the allegations contained in paragraph 7 of the Amended Complaint, Defendant states that Eastern Livestock Co., LLC ("Eastern") was one of the largest "cattle brokers" in the United States, with its headquarters in New Albany, Indiana, otherwise denied.

8.	Defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

9.	Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10.	Defendant denies the allegation contained in the first sentence of paragraph 10. Neither Defendant nor any entity controlled by Defendant ever did business as "ECF Farms." Defendant is an individual and states that he operates leased farm acerage in Byrdstown, TN for agricultural crops and cattle backgrounding typically under contract for others pursuant to the Packers and Stockyards Act of 1921, 9 U.S.C. §§181, et seq. and governing regulations, 9 C.F.R. §§201, et seq. ("Stockyards Act").

11.	Defendant denies the allegations contained in paragraph 11 of the Amended Complaint, except to the extent that Defendant received cattle on consignment from Debtor

2

Eastern Livestock Co., LLC ("Eastern") at his Byrdstown, TN facility and provided background services for Eastern as a "caretaker" prior to shipping the cattle per Eastern's instructions.[1]

12.     Defendant denies the allegations contained in paragraph 12 of the Amended Complaint. Neither Defendant nor any entity controlled by Defendant ever did business as "ECF Farms."

13.     Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

*Background*

14.     Defendant cannot confirm or deny the allegations contained in the first sentence of paragraph 14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint. Defendant states that Eastern Livestock Co., LLC ("Eastern") was one of the largest "cattle brokers" in the United States, with its headquarters in New Albany, Indiana, otherwise denied.[2]

15.     Defendant is without knowledge regarding the allegations contained in paragraph 15 of the Amended Complaint and the allegations are therefore denied. Defendant further denies any and all allegations that he was an Eastern insider and participated in any manner in any alleged illegal activities.

---

[1]     Defendant was compensated on the basis of weight gain between receipt and shipment after deduction of costs.

[2]     The term "Dealer" is a term of art pursuant to the Stockyard Act. At one time or another Eastern operated as a "Dealer," a "Market Agency," and "Clearing Agency" under the Stockyards Act. 9. Specifically, Eastern Livestock operated in three (3) principal capacities which are described under the Stockyards Act and regulations as Clause No. 1, 2, and 3 conditions under Eastern's bond: (i) Clause No. 1: Buying and selling livestock on commission on account for others; (ii) Clause No. 2: Buying and selling livestock for its own account; and (iii) Clause No. 3: Clearing the transactions for others.  9 C.F.R. §201.31. However, as a practical matter for the overwhelming majority of transactions Eastern was a "cattle broker," laying off the risk of transaction to others and receiving a commission for services rendered.

3

16. Defendant is without knowledge regarding the allegations contained in paragraph 16 of the Amended Complaint, and the allegations are therefore denied.

17. Defendant is without knowledge regarding the allegations contained in paragraph 17 of the Amended Complaint, and the allegations are therefore denied. Defendant states that for the overwhelming majority of transactions Eastern was a "cattle broker," laying off the transaction risk to others and receiving a commission for services rendered. Defendant provided background services for cattle consigned from Eastern.

18. Defendant is without knowledge regarding the allegations contained in paragraph 18 of the Amended Complaint, and the allegations are therefore denied. Defendant states that for the overwhelming majority of transactions Eastern was a "cattle broker," laying off the transaction risk to others and receiving a commission for services rendered. Defendant provided background services for cattle consigned from Eastern.

19. Defendant is without knowledge regarding the allegations contained in paragraph 18 of the Amended Complaint, and the allegations are therefore denied. Defendant states that for the overwhelming majority of transactions Eastern was a "cattle broker," laying off the transaction risk to others and receiving a commission for services rendered. Defendant provided background services for cattle consigned from Eastern.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint. Neither Defendant nor any entity controlled by Defendant ever did business as "ECF Farms."

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint. Defendant had no knowledge of and never participated in any "bogus cattle

purchases." Defendant never received a copy of nor had knowledge the contents of the document referenced in Exhibit "A" of the Amended Amended Complaint.

### *Transfers – ECF Farms*

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint. Neither Defendant nor any entity controlled by Defendant ever did business as "ECF Farms."

23. Paragraph 23 of the Amended Complaint merely quotes 11 U.S.C. §101(54) and does not contain an allegation of fact to admit or deny.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

### *Transfers – Ernie Elder*

29. Defendant admits to providing background services for cattle consigned from Eastern, otherwise the allegations contained in paragraph 29 of the Amended Complaint are denied.

30. Paragraph 30 of the Amended Complaint merely quotes 11 U.S.C. §101(54) and does not contain an allegation of fact to admit or deny.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

### *528K Note*

36. Defendant admits that his signature appears on page 3 of Exhibit "D" attached to the Amended Complaint. Otherwise the allegations contained in paragraph 36 are denied.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

### *225K Note*

41. Defendant admits that his signature appears on page 3 of Exhibit "E" attached to the Amended Complaint. Otherwise the allegations contained in paragraph 41 are denied.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

## *Count I*
## *Complaint On 528K Note*

46. Defendant incorporates its responses to paragraphs 1-45 as though fully set forth herein.

47. Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Amended Complaint.

## *Count II*
## *Complaint On 225K Note*

51. Defendant incorporates its responses to paragraphs 1-50 as though fully set forth herein.

52. Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

## *Count III*
### *Avoidance of Transfers As Preferential Transfers (11 U.S.C. §547(b))*

56. Defendant incorporates its responses to paragraphs 1-55 as though fully set forth herein.

57. Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60. The allegations contained in paragraph 60 are vague and ambiguous with respect amounts owing Defendant on alleged "One Year Transfers," and consequently Defendant is without knowledge, and the allegations contained in paragraph 60 of the Amended Complaint are denied.

61. Defendant denies the allegations contained in paragraph 61 of the Amended Complaint.

8

62. Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

### Count IV
### *Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. §548(a)(1)(A))*

63. Paragraph 63 of the Amended Complaint does not contain an allegation of fact for the Defendant to admit or deny.

64. Defendant incorporates its responses to paragraphs 1-66 as though fully set forth herein

65. Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

### Count V
### *Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. §548(a)(1)(B))*

67. Paragraph 67 of the Amended Complaint does not contain an allegation of fact for the Defendant to admit or deny.

68. Defendant incorporates its responses to paragraphs 1-67 as though fully set forth herein

69. Paragraph recites a legal standard under 11 U.S.C. §548(a)(1)(B) and contains no fact for Defendant to admit or deny.

70. Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Amended Complaint.

Defendant further denies Plaintiff is entitled to the any of the relief sought in the Amended Complaint under paragraphs numbered 1-8 which follow Count IV.

## *Count VI*
### *Recovery of Avoided Transfers (11 U.S.C. §550)*

74. Plaintiff incorporates by reference the allegations contained in paragraphs 1- through 73, inclusive, as if fully set forth herein.

75. Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

## *Count VII*
### *Complaint For Disallowance Of Claim Pursuant To 11 U.S.C. §502(D)*

76. Defendant incorporates its responses to paragraphs 1-75 as though fully set forth herein

77. Defendant denies the allegations contained in paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Amended Complaint.

Defendant further denies Plaintiff is entitled to the any of the relief sought in the Amended Complaint under paragraphs numbered A through L which follow Count VII of the Complaint.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Amended Complaint fails to state a claim upon which relief may be granted under 11 U.S.C. §§547, 548, and 550.

### *Second Affirmative Defense*

The Amended Complaint fails to plead fraud with particularity.

### *Third Affirmative Defense*

Defendant pleads accord and satisfaction and states the Trustee cannot collect on the amounts for which Plaintiff seeks recovery on the "528K Note" and the "225K Note" ("Notes") in that Eastern was given full value in exchange for payment on the Notes and all obligations, if any, were paid and satisfied.

### *Fourth Affirmative Defense*

Defendant pleads failure of consideration and states the Trustee cannot collect on any alleged amount owed by Defendant in that Eastern failed to pay for said products and services in the first place.

### *Fifth Affirmative Defense*

Defendant pleads failure of performance and states the Trustee cannot collect on any alleged amount owed by Defendant in that Eastern failed to perform by act or omission the acts or acts giving rise to the obligation alleged to be owed by Defendants.

### *Sixth Affirmative Defense*

Defendant pleads contributory negligence and states the Trustee cannot collect on any alleged amount owed by Defendant in that Eastern was negligent by act or omissions in the performance of the acts or acts giving rise to the obligation alleged to be owed by Defendants.

### *Seventh Affirmative Defense*

The Trustee cannot avoid the payments made to Elder described in the Amended Complaint because those payments do not constitute "transfers" of Eastern's "interests in property" as those terms are used in and in relation to 11 U.S.C. §§547, 548, and 550, nor do they constitute "transfers" of Eastern's "property" as those terms are used in and in relation to Ind. Code §§32-18-2-14 and 32-18-2-15. These payments were comprised of funds impressed with a constructive trust, statutory trust, and/or resulting trust, and earmarked to be paid only to the producers of the cattle for which those payments were made and Defendant has rendered payment or delivered livestock properly and as required by Eastern.

### *Eighth Affirmative Defense*

Defendant is protected by the statutory defenses under 11 U.S.C. §547(c)(1). The payments to Defendant described in the Amended Complaint were intended by the Debtor to be a contemporaneous exchange for value that Defendant gave to Eastern in the form of cattle, and those payments were in fact a substantially contemporaneous exchange.

### *Ninth Affirmative Defense*

Defendant is protected by the statutory defenses under 11 U.S.C. §547(c)(2). The payments and/or transfers to Defendant described in the Amended Complaint were made to Defendant in the ordinary course of business or financial affairs.

### *Tenth Affirmative Defense*

Defendant is protected by the statutory defenses under 11 U.S.C. §547(c)(2). The payments to Defendant described in the Amended Complaint because Defendant gave new value to Eastern in the form of cattle after such payments were made.

Case 12-59154    Doc 22    Filed 07/08/13    EOD 07/08/13 14:41:05    Pg 13 of 14

*Eleventh Affirmative Defense*

The Trustee cannot avoid the payments made to Defendant described in the Amended Complaint as fraudulent transfers under 11 U.S.C. §548 because Eastern received a reasonably equivalent value from Defendant in the form of cattle in exchange for those payments.

*Twelfth Affirmative Defense*

Pursuant to 11 U.S.C. §§548(c) and 550(b)(1), the Trustee cannot avoid the payments made to Defendant described in the Amended Complaint because Defendant took those payments for value, including the satisfaction of antecedent debts owed by Eastern to Defendant for cattle sold, in good faith, and without the knowledge of the voidability of these payments.

*Thirteenth Affirmative Defense*

Defendant specifically asserts the affirmative defenses of fraud, illegality, license, payment, release, ratification, unclean hands, earmarking, accord and satisfaction, and set-off as are or may be applicable. Additionally, Defendant hereby asserts all other affirmative defenses available to them pursuant Fed. R. Civ. P. 8(c), made applicable to this proceeding by Fed. R. Bankr. P. 7008(a), as may become known to Defendant through further investigation and discovery in this matter, and nothing contained herein shall be deemed a waiver of any specific affirmative defense that Defendant may subsequently assert.

*Fourteenth Affirmative Defense*

Defendant hereby reserve all rights that they may have to assert their Affirmative Defenses and other potential claims as counterclaims and/or cross-claims to the extent warranted and as may become known to Defendant through further investigation and discovery in this matter, and nothing contained herein shall be deemed a waiver of any counterclaim and/or cross-claim that Defendant may subsequently assert.

WHEREFORE, Defendant Elder respectfully requests that the Court: (1) dismiss the Amended Complaint as it relates to Defendant Elder with prejudice; (2) award Defendant Elder their attorneys' fees and costs incurred in defending this action, and (3) grant Defendant Elder such other and further relief as the Court deems just and proper

Respectfully submitted this 8th day of July 2013,

W. SCOTT NEWBERN, PL

/s/ W. Scott Newbern
W. Scott Newbern
2982 East Giverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.894.0871
wsnewbern@msn.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN